(No. 24—Claimant awarded $3044.41.)

THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 16, 1925..*

GOVERNMENTAL DEPARTMENT—*when moneys paid into will be refunded.* Where moneys have been paid to a Department of the State, under protest, and by the Department paid into the State Treasury, and it afterwards appears that the State is not entitled to it, the court will enter an award for the refund of the moneys paid.

MAYER, MEYER, AUSTRIAN & PLATT, for claimant.

EDWARD J. BRUNDAGE, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The Equitable Life Assurance Society of the United States, a corporation under the laws of the State of New York, claimant, presents its claim herein, praying for a refund of $3044.41, which it alleges was paid to the State of Illinois under protest, to the Department of Trade and Commerce of the State of Illinois, November 20, 1918.

In June of the same year, in connection therewith, claimant had paid to said department $22,469.82. The department, however, would not accept this in full, but insisted upon the payment of $3044.41 additional, believed by the department to be due it from the claimant.

The evidence before the court is by stipulation in writing of the facts and the laws governing by counsel for the respective parties; but it is quite lengthy and unnecessary to state in the opinion.

Under the laws of New York governing the making of such reports to the said department, some doubt existed as to allowing certain credits mentioned in the stipulation, and a suit was then pending in the New York courts to construe the law relative thereto. The case went to the New York Court of Appeals, where it was finally decided favorably to the contention made by claimant in this case, as to the meaning and force of the New York laws governing such reports.

In the meantime, however, and before the final opinion was so rendered, as stated, the Department of Trade and Commerce made demand on claimant to pay the said additional sum of $3044.41. Relative to this some correspondence was

had between the claimant and the Department of Trade and Commerce, and it was tacitly agreed that the said last mentioned sum might be paid "under protest," awaiting the finding of the court of appeals as aforesaid.

In the course of time, an opinion was handed down by said court, which, in effect, sustains the contention of the claimant in this case, and is admitted by the Attorney General of Illinois, and, accordingly, claimant wrote a letter to Mr. W. H. Boys, demanding a return of the said sum. Mr. Boys was succeeded by George A. Barr, and he in turn by William A. Murphy. The correspondence between claimant and the various directors aforesaid that it certainly was mutually understood, if not actually agreed, that this amount would be or should be refunded to claimant if the said court of appeals should hand down the opinion, which it finally did; but this $3044.41 had never been turned into the state treasury, and it was agreed by the director and claimant that it be turned into the state treasury as an accommodation to all parties and to relieve the director from further carrying it. It having been turned into the treasury, there is no way for claimant to withdraw it, except through an award by the Court of Claims.

The Attorney General, by his brief herein, recognizes and admits the claimant's equitable right; and that when the sum was paid into the Department of Trade and Commerce that it was to be held pending the action of the court in said cause. The Attorney General says. however, that claimant paid it voluntarily and not under protest, and that money paid voluntarily, without protest, cannot be recovered, etc. The correspondence between the claimant and Fred W. Potter, superintendent of trade and commerce, shows very clearly that the last payment was made "under protest."

The evidence shows conclusively that the claimant did not at the time, nor since, owe the said Department of Trade and Commerce the sum of $3044.41, or any part thereof, and that claimant is entitled to a refund of same, which, as a matter of law, equity and good conscience, should be refunded. We accordingly find in favor of claimant and against defendant and award claimant the sum of $3,044.41.